UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61274-CIV-SEITZ/SIMONTON
<u>Consent Case</u>

KIRK THOMAS, et al.,

    Plaintiffs,

v.

ALL YEAR COOLING &
HEATING, INC. and THOMAS
SMITH,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFFS' MOTION TO AUTHORIZE NOTICE TO POTENTIAL CLASS MEMBERS

Presently pending before the Court is Plaintiffs' Motion to Authorize Notice to Potential Class Members (DE # 33). Based upon the consent of the parties, this case has referred this case to the undersigned United States Magistrate Judge for all further proceedings (DE # 24). On January 31, 2012, the undersigned held a telephonic hearing, at which this motion was considered. The Defendants did not file a response in opposition to the Motion, and at the hearing stated that they did not oppose the issuance of the Notice; however, they reserved their right to later challenge the propriety of maintaining this matter as a collective action, and to challenge the propriety of any particular individual putative plaintiff joining this action.

This action was brought by Plaintiff Kirk Thomas, on behalf of himself and all others similarly situated, to recover allegedly unpaid overtime wages owed for work performed as an air conditioning technician for Defendant All Year Cooling & Heating, Inc. (DE # 33). Since the date that Plaintiff Thomas filed this Complaint, seven additional air conditioning technicians have filed consents to join this action, all of whom assert that they were not properly paid overtime wages.

It is well-settled that in connection with a lawsuit filed as a collective action under the provisions of the FLSA, 29 U.S.C. § 216(b), the District Court has the authority to permit a Notice of Pendency of Action to be sent to similarly situated potential opt-in class members. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001); *Grayson v. K Mart Corp.,* 79 F.3d 1086 (11th Cir. 1996). In *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d at 1216-19, the Eleventh Circuit endorsed a two-stage procedure which may be utilized to determine whether it is appropriate to maintain an action under section 216(b) as a collective action. In the first stage, the court should evaluate the case under a fairly lenient standard, based upon the pleadings and affidavits. Once the action is conditionally certified, notice is provided to putative class members, and discovery proceeds. Once discovery is completed, at the second stage of proceedings, the defendant may file a motion to decertify the class, if appropriate to do so based upon the individualized nature of plaintiffs' claims.

At both stages, Plaintiffs are required to demonstrate some reasonable basis for their claim of classwide treatment, and that there are similarly situated class members. The difference lies primarily in the scrutiny which will be given to these claims. At the second stage, the court will have much more information on which to base a determination of whether the claimants are similarly situated, and Plaintiffs will be required to submit "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Hipp*, 252 F.3d at 1219.

The factors to be considered in determining whether the putative opt-in Plaintiffs are similarly situated include (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographical location; (3) whether the alleged violations occurred during the same time period; (4) whether the Plaintiffs were subjected to the same policies and practices, and whether these policies and practices

were established in the same manner and by the same decision-maker; (5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar.

Viewing the allegations of the Complaint, as well as the Motion and its attached Declarations, and noting the lack of opposition, the undersigned Magistrate Judge concludes that the Plaintiff has made a sufficient showing to warrant notification to potential opt-in Plaintiffs.  The Plaintiff seeks to notify only other employees of the same company at which he worked in Broward County, Florida, who were paid at the same rate of pay, for the same duties, and who were subject to the same pay practices which Plaintiff alleges violated the FLSA.  The allegations demonstrate a classic example of a proper collective action.  *See, e.g., Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363-65 (M.D. Ala. 1999) (certifying class of hourly wage employees who worked at same restaurant, had same pay provisions, and had same duties); *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994) (same re: workers at single truck terminal).  If the evidence developed in discovery reflects that Plaintiffs who elect to opt-in are not similarly situated, the Defendant may file a motion for decertification.

Therefore, after hearing from the parties, and upon a review of the record as a whole, it is hereby

ORDERED AND ADJUDGED:

1.  Plaintiffs' Motion to Authorize Notice to Potential Class Members is GRANTED, and this collective action is CONDITIONALLY CERTIFIED, pursuant to 29 U.S.C. § 216(b), as a class of all current and former air conditioning technicians performing duties as air-conditioning and heating installers and service technicians, however titled (hereinafter referred to collectively as "air conditioning technicians"), at any time from June 6, 2008, to the present.

**2.** Within fourteen days of the date of this order, Defendant shall deliver to Plaintiffs' counsel a list in the form of Excel spreadsheet containing the full name, date(s) and location(s) of employment, job title(s), address(es), date of birth and telephone number(s) for each of the current and former air conditioning technicians however titled, who provided services for one or more weeks in furtherance of the business of Defendants at any time from February 1, 2009, to the present.[1] Defendants shall use reasonable efforts to produce all such information in their custody or control or the custody or control of their agents, including without limitation persons maintaining such information on behalf of Defendants. Upon delivery of the list, Defendants shall promptly file a notice of compliance with this part of the Court's order.

**3.** After Plaintiffs' counsel receives all such information from Defendants, Plaintiffs' counsel is authorized to give notice to the individuals in the conditionally certified class and shall do so within a reasonable time from delivery. The form of "Notice of Right to Join" and the associated form of "Consent to Join" for individuals in the plaintiff class shall be substantially in the forms attached as Exhibit "A" and Exhibit "B," respectively, to Plaintiffs' Motion to Authorize Notice to Potential Class Members; shall all be mailed on the same day via first class U.S. Mail at the sole cost and expense of Plaintiff to all individuals disclosed by Defendants; shall be dated with the date of mailing; and shall allow each individual up to sixty (60) days from the date of mailing in which to return a "Consent to Join" form to Plaintiffs' counsel. Upon mailing the "Notice of Right to Join," Plaintiffs' counsel shall promptly file a notice of compliance with this part of the Court's order.

---

[1] Although the collective action is certified to begin three years prior to the date that the Complaint was filed, it is undisputed that the three-year maximum applicable statute of limitations will bar any claims that accrued more than three years from the date of filing an opt-in notice; hence notice need not be provided to anyone who was not employed within the past three years.

4

**4.  During the allowed period for the response to this initial mailing, should the initial "Notice of Right to Join" mailed to any individual be returned as un-deliverable, the parties shall promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may reasonably be available to identify a better address for each such individual, including but not limited to social security numbers to assist in the search for better addresses. To the extent that it is feasible, but in no event later than the end of the allowed period for response to the initial mailing, Plaintiffs' counsel shall, at the sole cost and expense of Plaintiff, re-mail one time the "Notice of Right to Join" to each such individual. For each re-mailed "Notice of Consent to Join," it shall be in the form set forth above; and must be returned within the original 60-day period of time.**

**5.  Each "Consent to Join" returned to Plaintiffs' counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, within the allowed period. Within ten days after the allowed period, Plaintiffs' counsel shall file with the Court one or more Notice(s) of Filing Consent to Join, including all of the Consent to Joins forms timely returned at that time, and shall continue to file additional Notice(s) of Filing Consent to Join for appropriate disposition by the Court.**

**6.  Individuals who timely opt into this collective action pursuant to this Court-supervised notice procedure shall be deemed parties for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, and may be represented at any settlement or mediation by the Plaintiff at the time,**

as substituted or amended, pending further orders of the Court.

**DONE AND ORDERED** at Miami, Florida, on February 1, 2012.

*/s/ Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**